**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**UNITED STATES OF AMERICA,**

**v.** **CASE NO. 5: 26-CR-00201-JKP**

**SENECA ARISTOTLE MALASZOWSKI**

**ORDER DENYING MOTION TO DISMISS**

Before the Court is Defendant Seneca Aristotle Malaszowski's Motion to Dismiss the one-count Information in this case, pursuant to Federal Rule of Criminal Procedure 12(b)(1), which charges Defendant with violating 18 U.S.C. § 922(g)(1). *ECF No. 18*. The Government filed a Response, (*ECF No. 19*). Defendant argues the Court should dismiss the Information because § 922(g)(1) is unconstitutional, both facially and as applied to him, under the Second Amendment standard articulated by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *ECF No. 18*. Defendant also argues § 922(g)(1) is void for vagueness and violates the Commerce Clause. *Id*. Defendant recognizes his Second Amendment facial and as applied challenges, as well as his vagueness and Commerce Clause challenges, are foreclosed by Fifth Circuit precedent. *Id*. Accordingly, for the reasons discussed herein, the Court **DENIES** Defendant's Motion to Dismiss, (*ECF No. 18*).

## BACKGROUND

Defendant is charged by Information with possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). *ECF No. 13*. Defendant "has a [prior] 2018 third-degree felony conviction for Assault on a Public Servant (Felony) under Tex. Penal Code 22.01" and a "2015 conviction for second-degree felony arson." *ECF No. 18* at 3 and n.1.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12 provides "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(1). If a pretrial motion presents a question of law in a case involving undisputed facts, Rule 12 authorizes the court to rule on the motion. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005); *see* Fed. R. Crim. P. 12(d) (permitting the court to rule on a motion involving factual issues provided the court states its essential findings on the record); *see also, United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) ("a pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt."). Otherwise, the court would waste resources by allowing a case to proceed to trial and later dismissing it based on the same legal argument and facts presented through a pretrial motion. *See Flores*, 404 F.3d at 325.

## ANALYSIS

### A. Defendant's As Applied and Facial Challenges to 18 U.S.C. § 922(g)(1)

As Defendant acknowledges, Defendant's as applied and facial Second Amendment challenges to § 922(g)(1) are foreclosed by the Fifth Circuit's opinion in *United States v. Hernandez*, 159 F.4th 425, 429 (5th Cir. 2025). *See also United States v. Diaz*, 116 F.4th 458, 462 (5th Cir. 2024). The Court need not discuss this matter further.

**B. Vagueness**

As Defendant also acknowledges, Defendant's vagueness challenge is foreclosed by *United States v. Landrum*, 168 F.4th 771, 774–75 (5th Cir. 2026). The Court need not discuss this matter further.

**C. Commerce Clause Challenge**

As Defendant also acknowledges, Fifth Circuit precedent forecloses Defendant's Commerce Clause argument. The Fifth Circuit has consistently rejected Commerce Clause arguments to § 922(g)(1). *See*, *e.g.*, *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013); *United States v. Nichols*, 2022 WL 5401942, at *1 (5th Cir. Oct. 6, 2022) (per curiam), *cert. denied*, 143 S. Ct. 827 (2023). The Court need not discuss this matter further.

**D. Pending Fifth Circuit Cases**

The Court acknowledges several of Defendant's arguments are pending en banc review by the Fifth Circuit. *See United States v. Cordova*, 176 F.4th 381 (5th Cir. 2026), *rehearing en banc granted and opinion vacated*, __F.4th__, No. 24-50564, 2026 WL 2683534 (5th Cir. Sept. 14, 2026) and *United States v. Squire*, 177 F.4th 614 (5th Cir. 2026), *rehearing en banc granted and panel opinion vacated by* 182 F.4th 481 (Mem.), No. 25-30324 (5th Cir. July 20, 2026).

**CONCLUSION**

Based on binding Fifth Circuit precedent, Defendant's challenges to § 922(g)(1) are foreclosed, and the Court **DENIES** his Motion to Dismiss, (*ECF No. 18*).

It is so ORDERED.
SIGNED this 16th day of November, 2026.

Jason Pulliam

JASON PULLIAM
UNITED STATES DISTRICT JUDGE